5:20-CV-01338

FILED
10/7/2G20 7:24 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Martha Medellin

W JD      **2020CI19404**

CIT PPS

CAUSE NO. _____

| | | |
|---|---|---|
| LINDA GONZALEZ | § | IN THE DISTRICT C |
| Plaintiff, | § | |
| | § | |
| v. | § | <u>57th</u> JUDICIAL DIS |
| | § | |
| DILLARD TEXAS SOUTH, LLC | § | |
| Defendant. | § | BEXAR COUNTY, TE |

<u>PLAINTIFF'S ORIGINAL PETITION AND DISCOVERY REQUESTS</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **LINDA GONZALEZ**, Plaintiff, filing this Original Peti

Discovery Requests complaining of **DILLARD TEXAS SOUTH, LLC**, Defendant, ar

**I.    DISCOVERY LEVEL**

Plaintiff intends that discovery be conducted under Level 3.

**II. THE PARTIES**

Plaintiff is an individual who reside in Bexar County, Texas. The last three

Plaintiff's Social Security number are 807.

Defendant, **DILLARD TEXAS SOUTH, LLC**, is a corporation registered in Te

may be served with notice of this lawsuit by and through its registered agent for se

Corporation System, at 1999 Bryan Street, Suite. 900, Dallas, Texas 75201-3136. <u>Ci</u>

<u>service of process is requested at this time</u>.



### III. JURISDICTION & VENUE

Venue is proper in Bexar County, Texas, since it is the location where all or a substantial portion of the events giving rise to this claim occurred. This court has jurisdiction over the subject matter and parties, and the amount in controversy is within the jurisdictional limits of this Court.

### IV. FACTUAL ALLEGATIONS

On or about **September 26, 2019**, Plaintiff was an invitee at Defendant's department store located at 15900 La Cantera Pkwy, San Antonio, Texas 78256. At that time, Plaintiff was shopping in the store when she tripped and fell over an extension cord that had been placed on the floor by the defendant. The condition of premises presented an unreasonably dangerous condition that was created by, known to, or, in the exercise of reasonable diligence, should have been discovered by Defendant. As a direct and proximate result of the fall, Plaintiff suffered severe and permanent personal injuries for which she now sues.

### V. NEGLIGENCE

Plaintiff alleges that the Defendant, its agents, servants, and/or employees, who were acting in the course and scope of their employment, were guilty of negligence toward the Plaintiff in the following respects:

1. Failing to maintain a reasonably safe premises;

2. Failing to correct a dangerous condition that they created, knew existed, or, in the exercise of reasonable diligence, should have discovered; and

3. Failing to protect its invitees against known dangerous conditions or conditions that in the exercise of reasonable diligence should have been discovered.

Plaintiff alleges that each and every, all and singular, of the aforementioned acts and/or omissions on the part of the Defendant, its agents, servants, and/or employees, constitutes negligence that was the direct/proximate cause of the injuries and damages sustained by Plaintiff.

## VI. DAMAGES

Plaintiff would show that as a direct result of the negligence of the Defendant, its officers, agents, employees, and/or servants, she was caused to suffer serious and permanent personal injuries. Plaintiff has incurred the following damages:

1.  Mental anguish and physical pain suffered from the date and time of injury and that will in all reasonable probability be suffered in the future;

2.  Physical impairment and physical disfigurement suffered from the time of injury and that will in all reasonable probability be suffered in the future; and

3.  Reasonable and necessary medical expenses incurred from the time of injury and that will in all reasonable probability be incurred in the future.

Plaintiff alleges that these sums, taken cumulatively, are well in excess of the minimum jurisdictional limits of the Court for which Defendant should be made to pay. Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

## VII. DISCOVERY REQUESTS

### INSTRUCTIONS

Pursuant to Rules 196, 197, and 198 of the Texas Rules of Civil Procedure, you are hereby requested not later than fifty (50) days after the date of service to:

(a)   Answer under oath each of the following Interrogatories;

(b)     Produce all documents and tangible things which constitute or contain matters relevant to the subject matter in the action which are in your possession, custody, or control, including constructive possession;

(c)     Answer fully and factually each of the Interrogatories hereinafter set out; and

(d)     Give a truthful response to each Request for Admission.

You are also instructed as follows:

1.      If you do not admit the truth of the facts stated in a Request for Admission, you must specifically deny the same or set forth in detail the reasons why you cannot truthfully either admit or deny such statements of fact.

2.      Any Admission made pursuant to these requests applies to this action only and is not an Admission by you for any other purpose and may not be used against you in any other proceeding.

Each matter for which an Admission is requested shall be deemed admitted unless your response is served on the undersigned attorneys during the period of time set forth herein.

3.      If you deny a request and the Plaintiff(s) thereafter prove(s) the truth of such matter you may be ordered to pay the costs of proof, including Plaintiff(s)'(s) attorneys' fees.

4.      The answers to the Interrogatories must be supplemented when you obtain information upon the basis of which:

(a)     You know an answer was incorrect when made; or

(b)     You know that the answer, though correct when made, is no longer true and the circumstances are such that to fail to amend your answers would be in substance a knowing concealment.

## DEFINITIONS

1.      "Documents":  As used herein, the term "documents" means any written, typed, printed, recorded, graphic or photographic matter or sound reproduction however produced or reproduced, and shall include every copy where such copy contains any commentary, marginal comments or notations whatsoever that do not appear in the original.

2.   "Identify" or "Identification":

    (a)    When used in reference to a person, "identify" or "identification" means to state his/her full name and present or last known address, employer and business address, and current residential and business telephone numbers;

    (b)    When used in reference to a public or private cooperation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business or operating address and the name of its chief executive officer; and

    (c)    When used with respect to a document, "identify" or "identification" means to state the date, subject or substance, all receipts, type of document, its present location and to identify each of its present custodians.  In lieu of identification of a document, Defendant may attach a copy of such document to his answers.

In answering the following Questions, furnish all information and items available to you, including information or items in the possession of your attorneys, or their investigators, and all persons acting in your behalf and not merely such information known of your own personal knowledge.  If you cannot answer a Question in full after exercising due diligence to secure the information, so state in your answer and to the extent possible answer stating whatever information or knowledge you have.

The Questions which follow are to be considered as continuing, and you are requested to provide by way of supplemental answers hereto such additional information as you or any other person acting on your behalf may hereafter obtain which will augment or otherwise modify your answers given to the Questions below.  Such supplemental responses are to be filed and served upon this party immediately upon receipt of such information.

    As used herein, the following terms shall have the meaning indicated below:

    (a)    "Person" means natural persons, corporations, partnerships, sole proprietorships, unions, associations, federations or any other kind of entity.

    (b)    "Document" means any printed, typewritten, handwritten, mechanically or otherwise recorded matter of whatever character, including but without limitation, letters, purchase orders, memoranda, telegrams, notes, catalogues, brochures, diaries, reports, calendars, inter- or intra- office communications, statements, investigative reports, announcements, depositions, answers to interrogatories, pleadings, judgments, newspaper articles, photographs, tape recordings, motion pictures and any carbon or photographic copies of any such material if you do not have custody

or control of the original. If any document identified was but is no longer in your possession or control or is no longer in existence, state whether it is:

(1)    Missing or lost;
(2)    Destroyed;
(3)    Transferred voluntarily or involuntarily to others, and, if so, to whom, or;
(4)    Otherwise disposed of; and in each instance explain the circumstances surrounding an authorization of such disposition thereof, state the approximate date thereof and describe its contents.

(c)    "You" and "Your" shall mean the party to whom these questions are directed as well as agents, employees, attorneys, investigators and all other "persons" acting for said party.

In each Question wherein you are asked to identify a person, state with respect to such person as follows:

(1)    His/her full name.
(2)    His/her last known address and phone number.

If a person identified is not a natural person (e.g. a corporation) give its name and address and principal business activity.

(d)    "Interrogatory" means Interrogatory and "Adm." means Admission.

Where possible, give your answer or response where designated below each Interrogatory or Admission. Otherwise, attach your replies on a separate sheet of paper, accurately designating each reply to the appropriate question.

## INTERROGATORIES

## INTERROGATORY NO. 1:
Identify the person or persons who are answering these Interrogatories and Requests for Admissions in the above styled and numbered cause by stating:

(a)    Your full name (any other names, including maiden name, if applicable);
(b)    All driver licenses, types, numbers and by whom issued, held by you at any time;
(c)    Your date and place of birth;
(d)    Your address or addresses for the past five years, giving the street address, street number, city and state; and
(e)    Your occupation.

ANSWER:

**INTERROGATORY NO. 2:**
Please state completely and fully how you understand the incident made the basis of this lawsuit occurred.

ANSWER:

**INTERROGATORY NO. 3:**
State the style, court and cause number of any lawsuit you have been a party to and the final disposition of said suit with regards to the any claim of general negligence, inadequate training or unsafe work environment involving the Defendant and any of its employees or independent contractors within the last five (5) years.

ANSWER:

**INTERROGATORY NO.4:**
Please state whether you have ever been convicted, charged or pled guilty to any crime, whether a felony or misdemeanor, describing the nature of each charge or conviction, the time such charges were made, and, if applicable, the state, district, court, cause number and date when a judgment of conviction was entered against you.

ANSWER:

**INTERROGATORY NO. 5:**
Please identify all persons employed by you to perform any repairs, modifications or remedial measures to the location in question subsequent to the injury made the basis of this lawsuit. Include in your answer the last known address and telephone number of each employee as well as their job title and position with your company.

ANSWER:

**INTERROGATORY NO. 6:**
State all contentions that you may have that you are not liable to the Plaintiff as alleged in Plaintiff's Petition.

ANSWER:

**INTERROGATORY NO. 7:**

What policies, guidelines, regulations, safety manuals, ordinances, or mandatory non-discretionary directives does the Defendant have in existence for the prevention of incidents such as the one made the basis of this lawsuit?

ANSWER:

**INTERROGATORY NO. 8:**
State in detail all admissions and statements, including those against pecuniary, proprietary, or penal interest, made by the Plaintiff which are not fully set forth in any written statement you have produced in response to a request for Production herein.

ANSWER:

**INTERROGATORY NO. 9**
Has this Defendant ever received any complaints, written or oral, concerning any known dangers on or about the premises at issue within the last five (5) years?  If your answer is in the affirmative, please identify the person making the complaint and the date and substance of the complaint.

ANSWER:

**TERROGATORY NO. 10:**
Describe what efforts defendant made to warn Plaintiff or correct the condition or defect that Plaintiff alleges to be the cause of the occurrence in question.

ANSWER:

**INTERROGATORY NO. 11:**
Identify your trial witnesses.

ANSWER:

**INTERROGATORY NO. 12:**
Identify the person designated by your company who is primarily responsible for protecting its business invitees against known dangerous conditions or conditions that in the exercise of reasonable diligence should be discovered.

ANSWER:

**INTERROGATORY NO. 13:**
Please state whether or not the Plaintiff violated any statute, ordinance, code, rule or standard in connection with the incident made the basis of this lawsuit. Additionally, please identify each such

statute, ordinance, code, rule or standard that was violated and the act committed by the Plaintiff that constituted a violation.

ANSWER:

**INTERROGATORY NO. 14:**
For the premises at issue, please identify who is responsible for protecting its business invitees against known dangerous conditions or conditions that in the exercise of reasonable diligence should be discovered.

ANSWER:

**INTERROGATORY NO. 15:**
Identify any and all rules, policies, and guidelines regarding the protection of your business invitees against known dangerous conditions or conditions that in the exercise of reasonable diligence should be discovered.

ANSWER:

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**
Please produce a copy of your trial exhibits.

**REQUEST FOR PRODUCTION NO. 2:**
Produce any document, recording, memorandum or any other document identified in response to Interrogatory No. 7.

**REQUEST FOR PRODUCTION NO. 3:**
Produce any photographs, motion pictures, videotapes, slides, films, maps, drawings, charts, or recordings connected with or related to the matters made the basis of this lawsuit.

**REQUEST FOR PRODUCTION NO. 4:**
Produce any diaries, notes, or other documents prepared by the Defendant, its officers, executives, employees and/or servants, other than the attorneys for the Defendant, that relate to the facts or allegations of this suit.

**REQUEST FOR PRODUCTION NO. 5:**
Attach to your answers hereto all investigative and/or incident "reports" generated by or on behalf of the Defendant prior to its being aware of an outward manifestation from the Plaintiff of an intent to bring the incident lawsuit relevant to the following:

a.  The subject matter of the incident lawsuit;
b.  The incident in question;
c.  Defendant's personnel, "agents, representatives, officers and employees" that were on the premises in question at the time of the incident made the basis of this lawsuit;
d.  The policies, procedures, guidelines, and/or regulations that were applicable to the activities taking place on the premises in question which are material to the incident made the basis of this lawsuit; and
e.  Potential witnesses regarding the incident and/or circumstances that existed on the premises immediately prior to, during, and/or after the incident in question.

## REQUEST FOR PRODUCTION NO. 6:

In addition to the above "reports", the following things generated "during the same prescribed time" in conjunction with the above referenced investigations and/or investigative reports are requested:

a.  All notes, memorandums, written communications, electronically stored data, and communications, photographs, movies, videotapes, modules, re-enactments, audiotapes, written statements, and tests.

## REQUEST FOR PRODUCTION NO. 7:

Please provide a copy of or supply a time and place for this party to view and/or copy any surveillance, movies, photos, investigative reports, maps, or drawings relating to Plaintiff or any other party in this lawsuit.

## REQUEST FOR PRODUCTION NO. 8:

Produce any document, recording, memorandum or any other document identified in response to **Interrogatory No. 5**.

## REQUEST FOR PRODUCTION NO. 9:

Produce copies of any and all witness statements taken, whether signed or unsigned, written, oral, or transcribed, involving the incident made the basis of this lawsuit which are in the possession, custody, or control of the said Defendant, including any statements made by the Plaintiff.

## REQUEST FOR PRODUCTION NO. 10:

Please provide a complete copy of your insurance policy; this request seeks production of all policy jackets, coverage parts, endorsements, and all other documents related to the policy.

## REQUEST FOR PRODUCTION NO. 11:

Produce copies of any and all records or reports that relate to the investigation of the incident made the basis of this lawsuit.

## REQUEST FOR PRODUCTION NO. 12:

Please provide true and correct copies of any and all documents reviewed or relied upon in preparation of answering Plaintiff's Interrogatories.

## REQUEST FOR PRODUCTION NO. 13:

Please produce true and correct copies of any and all documents retrieved by Defendant as a result of the use of any authorizations provided by Plaintiff.

## REQUEST FOR PRODUCTION NO. 14:

Please produce true and correct copies of any and all documents in the possession of Defendant or Defendant's attorneys the sole basis of which is to impeach Plaintiff.

## REQUEST FOR PRODUCTION NO. 15:

Produce any document recording any citation received from OSHA or any other governmental agency, not including traffic tickets, received in the last five (5) years.

## REQUESTS FOR ADMISSION

## REQUEST FOR ADMISSION NO. 1:

Admit or deny that the incident made the basis of this lawsuit occurred on the date alleged in Plaintiff's Petition?

   RESPONSE:

## REQUEST FOR ADMISSION NO. 2:

Admit or deny that the incident made the basis of this lawsuit occurred at the location alleged in Plaintiff's Petition?

   RESPONSE:

## REQUEST FOR ADMISSION NO. 3:

Admit or deny that the Plaintiff slipped and fell at store number 721 at 15900 La Cantera Pkwy, San Antonio, Texas 78256 on or about September 26, 2019?

   RESPONSE:

## REQUEST FOR ADMISSION NO. 4:

Admit or deny that on September 26, 2019, you failed to maintain the premises at issue in a reasonably safe condition?

   RESPONSE:

**REQUEST FOR ADMISSION NO. 5:**
Admit or deny that Plaintiff did not commit any act of negligence that caused the incident made the basis of this lawsuit?

    RESPONSE:

**REQUEST FOR ADMISSION NO. 6:**
Admit or deny that all persons/entities that are in any way involved or associated with the incident which is the basis of this lawsuit have been properly named as parties to this cause of action?

    RESPONSE:

**REQUEST FOR ADMISSION NO. 7:**
Admit or deny the Plaintiff's allegation that your negligence was the proximate cause of the occurrence in question?

    RESPONSE:

**REQUEST FOR ADMISSION NO. 8:**
Admit or deny that, in the exercise of reasonable diligence, you should have discovered that the extension cord on the floor was a dangerous condition within the premises at issue prior to the incident made the basis of this lawsuit?

    RESPONSE:

**REQUEST FOR ADMISSION NO. 9:**
Admit or deny that on September 26, 2019, you were responsible for protecting your invitees against known dangerous conditions or conditions that should have been discovered in the exercise of reasonable diligence at the premises at issue?

    RESPONSE:

**REQUEST FOR ADMISSION NO. 10:**
Admit or deny that venue as alleged in Plaintiff's Original Petition is the proper venue for this cause of action?

    RESPONSE:

**REQUEST FOR ADMISSION NO. 11:**
Admit or deny that you have been properly named in this lawsuit?

RESPONSE:

**REQUEST FOR ADMISSION NO. 12:**
Admit or deny that you have been properly served with citation in this lawsuit?

RESPONSE:

**REQUEST FOR ADMISSION NO. 13:**
Admit or deny that at the time of the incident made the basis of this lawsuit the Plaintiff suffered bodily injury?

RESPONSE:

**REQUEST FOR ADMISSION NO. 14:**
Admit or deny that at the time of the incident made the basis of this lawsuit Plaintiff was an invitee on the premises?

RESPONSE:

**REQUEST FOR ADMISSION NO. 15:**
Admit or deny that at the time of the incident made the basis of this lawsuit you were in control of the premises at issue.

RESPONSE:

**REQUEST FOR ADMISSION NO. 16:**
Admit or deny that as a result of the incident made the basis of this lawsuit Plaintiff incurred $750,000.00 in damages?

RESPONSE:

## VIII. REQUESTS FOR DISCLOSURE

Plaintiff requests that the Defendant respond to the disclosures mandated by Rule 194

of the Texas Rules of Civil Procedure within fifty (50) days of its receipt of this petition.

## IX. NOTICE OF DEMAND FOR PRESERVATION

This notice is to formally demand preservation of any evidence related to the subject incident, inclusive of but not limited to documents and items responsive to Plaintiff's Discovery Requests. If you fail to properly secure and preserve these important pieces of evidence, there will be a legal presumption that the evidence would have been harmful to your side of the case. If you fail to preserve and maintain this evidence, we will seek any sanctions available under the law. The destruction/ alternation, or loss of any evidence be maintained and preserved and not be destroyed, modified, altered, repaired, or changed in any manner. WE REQUEST THAT YOU IMMEDIATELY PRINT AND SAVE ON PAPER ALL OF THE ELECTRONIC RECORDS REQUESTED HEREIN AND IN ALL FUTURE REQUESTS, IN ADDITION TO ELECTRONICALLY PRESERVING ALL ELECTRONIC RECORDS.

## X. NOTICE OF SELF-AUTHENTICATION

Pursuant to Rule 193.7 of the Texas Rules of Civil procedure, Defendant is hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XI. PRIVILEGE LOG REQUEST

If Defendant seeks to exclude from discovery any information, documents or tangible things herein sought by claiming that material or information otherwise responsive to this written discovery is privileged, please consider this document to be Plaintiff's request for a privilege log that generally identifies and/or describes the withheld information, documents, or tangible things pursuant to the Tex. R. Civ. P.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY.**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests as follows:

1.   A judgment against the Defendant for actual and compensatory damages in a sum in excess of the minimum jurisdictional limits of the Court to be determined by a Bexar County jury to be fair and reasonable;

2.   Pre-judgment and post-judgment interest to the maximum extent permitted by applicable law; and

3.   Such other and further relief to which the Plaintiff shows herself to be justly entitled.

Respectfully submitted,

**GENE TOSCANO, INC.**
846 Culebra Road
San Antonio, Texas 78201
Telephone: 210/732.6091
Telecopier: 210/735.4167

By:   /s/ Andrew E. Toscano
       ANDREW E. TOSCANO
       State Bar No. 00786832
       atoscano@genetoscano.com

**ATTORNEYS FOR PLAINTIFF**